**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAN THI HOANG,<br><br>          Plaintiff,<br>    v.<br><br>WILLIAM BURKE, LUIS VILLANUEVA, BECKY ROMERO, KATHY WALKER, MARCIA COPPERTINO, VERONICA TELLY, CARY NISHIMOTO,<br><br>          Defendants. | Case No. 17-cv-05096-ODW-(ASx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [78]** |

## I. INTRODUCTION

This action arises from Defendants Luis Villanueva, Becky Romero, and Kathy Walker's (collectively, "Defendants") alleged violations of several federal and state constitutional and statutory provisions. (First Am. Compl. ("FAC") 4, ECF No. 19.) Plaintiff filed her FAC on July 28, 2017. (ECF No. 19.) Defendants filed their Motion to Dismiss on August 23, 2017. (ECF No. 78.)

Before the Court is Villanueva, Romero, and Walker's Motion to Dismiss the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. to Dismiss ("Mot."), ECF No. 78.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion with leave to amend.

1

## II. FACTUAL BACKGROUND

Plaintiff Lan Thi Hoang alleges her two "business accounts" were closed without notice, and that her application for a business license has been pending without reason for delay. (FAC ¶ 3.) Plaintiff further alleges that Romero refused to allow Plaintiff to view requested copies of her two business licenses issued to her by the city. (*Id.*) Every time Plaintiff went to the clerk's office to inquire about her "business record," Romero called Villanueva instructing him to deny service to Plaintiff. (*Id.*)

Plaintiff claims she previously met with Walker about issues she was having with the City of Gardena regarding her business permit, and that her "house was stolen by a small groud [sic] employees [sic] misconduct…." (*Id.* ¶ 4.) Plaintiff allegedly asked for "help" many times, but Walker never sent a letter replying to Plaintiff's concerns and complaint. (*Id.*)

This action involves four additional Defendants who Plaintiff has not served. As to the unserved defendants, Plaintiff alleges that: William Burke issued a Notice of Right to reclaim Plaintiff's abandoned property without a signature and that Burke appraised Plaintiff's property at too low a value (*Id.* ¶¶ 1–2); Marcia Coppertino failed to fulfill her duty as a property manager and that she has a fictitious address (*Id.* ¶ 5); Veronica Telly owes Plaintiff money (*Id.* ¶ 6); and Cary Nishimoto "dismissed [Hoang's] case the [sic] signed ordered that my name on the list of vexatious." (*Id.* ¶ 7.) The Court does not address these claims because Plaintiff has not served these Defendants.

Deciphering the FAC as best it can, the Court interprets Plaintiff's allegations against Defendants as surrounding alleged violations of several federal constitutional and statutory provisions, and several state constitutional and statutory provisions.

## III. LEGAL STANDARD

A court may dismiss a complaint pursuant to Rule 12(b)(6) for "lack of a cognizable legal theory or . . . [in]sufficient facts alleged under a cognizable legal

theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2): "a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

The determination for whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)). A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . 'as true . . . in the light most favorable'" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But a court need not blindly accept "conclusory [allegations], unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); see *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiff's Claims Based on 18 U.S.C. sections 1001, 1341, & 1342

Defendants assert that 18 U.S.C. sections 1001, 1341, and 1342 do not provide

private civil causes of action. (Mot. 4.) Plaintiff has the burden to establish that these statutes confer a private cause of action. *See Opera Plaza Residential Parcel Homeowners' Ass'n v. Hiang*, 376 F.3d 831, 835 (9th Cir. 2004). "The Supreme Court has cautioned that it is 'quite reluctant to infer a private right of action from criminal prohibition alone.'" *Kraft v. Old Castle Precast Inc.*, LA CV 15-00701-VBF, 2015 WL 4693220, at *2 (C.D. Cal. Aug. 5, 2015) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164 (1994)). "In the absence of clear evidence of congressional intent, [courts] may not usurp the legislative power by unilaterally creating a cause of action." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1231–32 (9th Cir. 2008) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)).

Defendants assert that Plaintiff's claims pursuant to the criminal statutes should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Mot. 4–5.) However, the cases Defendants cite dismissed the claims relying on criminal statutes for failure to state a claim. *See, e.g.*, *Kraft*, 2015 WL 4693220, at *2–3 (dismissing complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to show a private right of action under 28 U.S.C. sections 1341 and 1342); *see also Pineda v. Mortg. Elec. Registration Sys., Inc.*, No. EDCV 13-2089-JLS, 2014 WL 346997, at *1–2 (C.D. Cal. Jan. 29, 2014) (dismissing complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because "section 1341 does not provide a private right of action"). Thus, where a plaintiff fails to establish a private right of action, courts have dismissed cases for failure to state a claim. *Id.*

"Section 1001 criminalizes false statements and similar misconduct occurring 'in any matter within the jurisdiction of any department or agency of the United States.'" *Hubbard v. United States*, 514 U.S. 695, 699 (1995) (citing 18 U.S.C. § 1001). Section 1001 is a "criminal statute that does not expressly create a private right of action." *Hammerlord v. Wang*, No. 11CV1572-WQH-DHB, 2013 WL 1626326, at *2 (S.D. Cal. Apr. 15, 2013).

Similarly, the Ninth Circuit held there is no private right of action for mail fraud under 18 U.S.C. section 1341. *Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (unpublished). The Sixth Circuit has also concluded that "Congress did not intend to create a private cause of action for plaintiffs under the Mail Fraud Statute." *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979); *see also Wisdom v. First Midwest Bank, of Popular Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (no private right of action under section 1341). Section 1342 criminalizes any "scheme or device mentioned in 1341," including a fictitious address, for the "purpose of conducting, promoting, or carrying on by means of the Postal Service."

Plaintiff fails to identify any precedent that indicates Congress's intent to create a private cause of action under the statutes on which she bases her claims. Because Plaintiff does not have a private right of action under these statutes, she does not allege a cognizable legal theory, and her claims must be dismissed. *Hammerlord*, 2013 WL 1626326, at *2; *Ryan*, 611 F.2d at 1179. Accordingly, the Court dismisses Plaintiff's claims based on 18 U.S.C. sections 1001, 1341, and 1342.

**B. Plaintiff's Claims Based on the Fifth, Seventh, and Fourteenth Amendments of the U.S. Constitution**

Defendants also assert that Plaintiff has no direct cause of action under the Fifth, Seventh, or Fourteenth Amendment to the United States Constitution. (Mot. 6.) "The Due Process Clause of the Fifth Amendment . . . [applies] only to actions of the federal government." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). The Fourteenth Amendment applies to state actions, but not actions by private actors. *See Cent. Hardware Co. v. N.L.R.B.*, 407 U.S. 539, 547 (1972). The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII.

"A litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C.

§ 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *see also Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979) (explaining that section 1983 is not "a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and the federal statutes that it describes.") "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

To assert a section 1983 claim against a municipality, like the City of Gardena, a party must allege that the conduct "conformed to official policy, custom, or practice." *Aprin*, 261 F.3d at 925 (citing and quoting *Karim-Panahi v. Los Angeles Police Dept.*, 829 F.2d 621, 624 (9th Cir. 1988)). Here, Plaintiff has not asserted any claims pursuant to section 1983—the only statutory vehicle she may use to assert violations of her constitutional rights by the state, or actors of a municipality. *Id.* Even if Plaintiff did bring a claim pursuant to section 1983, Plaintiff still fails to allege an "official policy, custom, or practice," as would be required because her claims focus on the acts of city employees. *Id.* Because Plaintiff does not allege a cognizable legal theory and has failed to state a claim upon which relief can be granted, she has no right to a jury trial under these Amendments. The Court dismisses Plaintiff's claims based on the Fifth, Seventh, and Fourteenth Amendments of the U.S. Constitution.

**C. Plaintiff's State-law Claims**

Defendants move to dismiss Plaintiff's state-law claims because, after dismissing the federally based causes of action, the Court need not assert supplemental jurisdiction over the remaining state-law claims. (Mot. 6.) Under 28 U.S.C. section 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . [if the] district court has dismissed all claims over which it has original jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

n. 7 (1988); *Acri v. Varian Assoc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Because the Court dismisses the claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and dismisses them without prejudice.

### D. Plaintiff's Assertion of Diversity Jurisdiction

In response to Defendants' arguments regarding the Court's lack of subject matter jurisdiction, for the first time in her Opposition, Plaintiff appears to assert diversity jurisdiction because her claim for damages is allegedly greater than $75,000. (Opp'n 2, ECF No. 80.) Under 28 U.S.C. section 1332, a party may establish federal jurisdiction where all parties to the action are "citizens of different states" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, Plaintiff does not allege any facts in her FAC establishing complete diversity of citizenship among the parties. Accordingly, Plaintiff's FAC does not establish diversity jurisdiction.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss, **with leave to amend**. Any amended complaint is due within fourteen (14) days from the date of this Order.

//
//
//
//
//
//
//
//
//
//
//

**Plaintiff's failure to file an amended complaint within 14 days of this Order will result in a dismissal of the action with prejudice**.[1] *Evans v. Ruffin*, No. C-91-0247-SBA, 1992 WL 373204, at *3 (N.D. Cal. June 22, 1992) (dismissing case with prejudice for failure to comply with court deadline for filing amended pleading).

**IT IS SO ORDERED.**

October 3, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[1] The Court advises Plaintiff that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Room G-19, Main Street Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. For more information, Plaintiff may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic—Los Angeles" or contact Public Counsel at 213-385-2977, extension 270. Plaintiff is encouraged to visit the clinic, or seek the advice of an attorney, to the extent this case continues.